Hammitt *v.* Coffin.

redress in damages, for the injury sustained by reason of the wrongful suing out of the attachment.

Judgment reversed.

*H. B. Hendershott*, for plaintiff in error.

· *J. H. Cowles*, for defendant.

————•○•————

## HAMMITT *v.* COFFIN.

A judgment will not be reversed for a proceeding that cannot prejudice the plaintiff in error.

On an appeal from a justice of the peace the surety in the recognizance was wanted as a witness, and a new recognizance was authorized in the district court.

ERROR *to Wapello District Court.*

*Opinion by* KINNEY J. Coffin sued Hammitt before a justice of the peace, upon an account for boarding and clothing his daughter, and for medical attendance. Hammitt filed an account as a set-off for the services of his said daughter. Trial by jury, and verdict for the defendant, and judgment in his favor for costs. The plaintiff appealed, and a verdict having been obtained against the defendant below for a small amount, he brings his case to this court, and assigns for error :

The court erred in making an order to correct the appeal bond, and in permitting one, Wood, to testify in the cause, as said Wood was the surety in said bond.

Exceptions are taken to the ruling of the court upon the testimony, and also to the instructions to the jury, upon ·

which errors are assigned, which we do not consider neces-
sary to notice. The assignment mainly relied upon in the
argument is the one above stated. It appears from the bill
of exceptions, that on the trial, the appellant called Wood
as a witness, who was objected to on the ground that he
was the security of the appellant in the appeal bond. This
objection was sustained by the Court. The plaintiff then
produced and filed in the court, and substituted in place of
said appeal bond, a new appeal bond, with security, other
than that of said witness. To this last named bond, the
defendant objected as insufficient, which objection was over-
ruled by the court, and plaintiff excepted. The objection
to Wood, as a witness, was sustained by the court, and it
nowhere appears in the record, that Wood was called again
to the stand, after the court had ruled his testimony inad-
missible. The exception is to the sufficiency of the bond.
The bond is set out in the bill of exceptions; it was ruled by
the court to be sufficient; it appears to be in conformity
with the requirements of the statute, and in this respect
unobjectionable. But it was urged in the argument, that
the court had no right to permit the substitution. If this
were so, and the substituted bond unavailing, as a security
upon the appeal, still the defendant would not have any
reason to complain, for the reason that no action has
accrued to the defendant upon the bond, as the appellant
succeeded in the district court, and it does not appear in
the record that the rights of the appellee were in any respect
prejudiced by the substitution. And if this was error
in the court, this court would not reverse according to
repeated decisions. Unless the alleged error has operated
injuriously upon the plaintiff in error, the judgment will be
affirmed. But, we think the court had a right to order a
new bond to be substituted. The statute gives the appellant
the right to enter new recognizance in the district court on
an appeal from a justice of the peace, when for any reason,
the one previously entered into, is defective. Rev. Stat. 33,

§ 11. The court have the power to receive and approve of the new bond filed, and when so filed before the court it is just as obligatory, and affords as perfect security to the appellee as if entered into before the justice of the peace at the time the appeal was taken. We have no doubt about the power of the court during the progress of a trial, if for any cause it should become necessary to require a new and different appeal bond from the one first given, to order such bond in substitution of the one taken by the justice. It is not for the appellee to say before the justice, who the surety in the bond shall be, or to receive or reject any one that is offered, but it is for the justice to approve or reject them, as sufficient or insufficient.

This answers the argument at bar, that the defendant could not be required to look to other and different security than that originally given. We will presume the court to act with as much caution in approving the security, and guard as closely the rights of the appellee on this point as the justice of the peace.

Judgment affirmed.

*S. W. Summers* and *W. II. Brumfield*, for plaintiff in error.

*A. Hall*, for defendant.